IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GREAT LAKES INSURANCE SE                                    PLAINTIFF

VS.                          CIVIL ACTION NO.5:18-cv-60(DCB)(MTP)

ONE STOP MART, LLC, MOHAMED ALABDY,
MOE'S MINI MART LLC, KENNETH LOWE,
and ORIC LEWIS SR. and KATRELL LEWIS on
behalf of their minor child Oric Lewis Jr.
and JOHN DOES 1-10                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff Great Lakes Insurance SE ("Great Lakes")'s Motion for Summary Judgment **(docket entry 21)** and Amended Motion for Summary Judgment **(docket entry 51)**.

Having carefully considered the plaintiff's Complaint (docket entry 1) and the defendants' Answer (docket entry 10) as well as the aforesaid motions for summary judgment, the defendants' response (docket entry 57) to Great Lakes' Amended Motion for Summary Judgment, and Great Lakes' "Response" (Reply) (docket entry 61) in Support of its Amended Motion for Summary Judgment, and the parties' memoranda of law, the Court finds as follows:

Great Lakes issued a commercial lines policy to One Stop Mart LLC, a food mart located at 550 Medgar Evers Boulevard in Fayette, Mississippi. The policy went into effect on December 14, 2016 and expired a year later. This is the only policy under which defendants One Stop Mart, LLC, Mohamed Alabdy, Moe's Mini Mart LLC

(collectively "the Moe Defendants") contend they have coverage. See EXHIBIT 2, Responses to Requests for Production (Producing EXHIBIT 1).

### The Lowe and Lewis Lawsuits

Great Lakes filed its declaratory judgment action based on two lawsuits, both of which were filed against Moe's Food Mart and Moe Alabdy on May 5, 2017, in the Circuit Court of Jefferson County, Mississippi: (1) <u>Lewis v. Moe's Food Mart, Moe Alabdy & John Does</u> and (2) <u>Lowe v. Moe's Food Mart, Moe Alabdy & John Doe</u>. See EXHIBITS 3 and 4, Amended Complaints. Although the named insured One Stop Mart is not a defendant in either lawsuit, One Stop Mart submitted these lawsuits to Great Lakes, requesting a defense to and indemnification from them. Great Lakes denied One Stop Mart's request for two reasons: First, no insured under the policy is a defendant in either lawsuit (see EXHIBIT 5, September 11, 2017 Letter); and second, even if Moe's Food Mart and Moe Alabdy were insureds, all the allegations fall within the express language of the policy's Assault or Battery Exclusion. <u>Id</u>. Great Lakes told One Stop that the policy provided no coverage for the <u>Lewis</u> and <u>Lowe</u> lawsuits. <u>Id</u>.

After Lewis and Lowe obtained default judgments (which have since been set aside), they attempted to collect from Great Lakes, but Great Lakes instituted the present Declaratory Judgment Action and moved for summary judgment (<u>see</u> docket entries 21 and 41) based

2

on the same positions Great Lakes took in its declination letter. Even if there is some question as to whether Moe's Food Mart and Moe Alabdy are insured under the Great Lakes' policy issued to One Stop Mart, the allegations of the <u>Lewis</u> and <u>Lowe</u> lawsuits fall precisely within the Assault or Battery Exclusion. Thus, there is no coverage owed by Great Lakes to any of the Moe Defendants or Moe's Food Mart.

<u>The Carter Lawsuit</u>

Shortly after Great Lakes moved for summary judgment, the Moe Defendants sought permission to file an Amended Answer (docket entry 23). The most significant aspect of the Amended Answer is the Moe Defendants' attempt to include a third underlying lawsuit as part of their new counterclaim for a failure to defend: <u>Darrius Carter v. Moe's Food Mart & Moe Alabdy & Albert Johnson</u> (docket entry 23-1 at p.5). In its Rebuttal in Support of Summary Judgment (docket entry 41), Great Lakes included the <u>Carter</u> lawsuit in its arguments. Great Lakes also served discovery on the Moe Defendants pertaining to the <u>Carter</u> lawsuit.

The Court granted the Moe Defendants' Motion to Amend Answer (<u>see</u> docket entry 44). However, the Moe Defendants did not file an Amended Answer. The Court then ordered the Moe Defendants to file their Amended Answer by January 23, 2019 (see docket entry 47). No Amended Answer has been filed.

3

On February 20, 2019, Great Lakes received the Moe Defendants' discovery responses. Therein, the Moe Defendants admit that the only policy under which they contend there is insurance coverage is the December 14, 2016, to December 14, 2017 Great Lakes Policy. See Exhibit 2. The Moe Defendants also admit that the Carter lawsuit alleges that the shooting that caused the injuries occurred on September 13, 2016. See Exhibit 6, Responses to Requests for Admissions; see also Exhibit 7, Carter Complaint, ¶ 6. Whether the Amended Answer is ever filed or not, based on the Carter Complaint there is no duty on the part of Great Lakes to defend any of the Moe Defendants or Moe's Food Mart from the Carter lawsuit.

## Allegations of the Underlying Complaints

Liability policies have two levels of analysis: the duty to defend and the duty to indemnify. The duty to defend is "broader than the insurer's duty to indemnify" and is based solely on the factual allegations made in the complaint. Titan Indem. Co. v. Pope, 876 So.2d 1096, 1101 (Miss. Ct. App. 2004). To determine whether the duty to defend exists, the Court compares the allegations of the complaint to the insurance policy. Auto. Ins. Co. of Hartford v. Lipscomb, 75 So.3d 557, 559 (Miss. 2011).

In its Amended Motion for Summary Judgment (docket entry 52), Great Lakes addresses the Carter lawsuit as if the Amended Answer had been filed.

The <u>Lewis</u> and <u>Lowe</u> cases, filed against Moe's Food Mart and Moe Alabdy, arise out of the same February 11, 2017 shooting that allegedly took place on "the premises of the Moe's Food Mart Store." <u>See</u> EXHIBITS 3 and 4, ¶¶ 2-3, 6. According to Lewis and Lowe, after they arrived at the store, and while they were "on the premises," they were shot and injured. <u>Id</u>., ¶ 7.[1] Lewis and Lowe assert that because "Moe's Food Mart Store [and] Moe Alabdy owed to Darrius Carter a duty of care and a duty to make their premises reasonably safe," their conduct proximately caused "the vicious shooting ...." <u>Id</u>., ¶ 16. Based on these allegations, Lewis and Lowe demand compensatory and punitive damages from Moe's Food Mart and Alabdy. <u>Id</u>., ¶¶ 21-22.

There are no allegations against One Stop Mart, which is never even mentioned in the lawsuits. The Moe Defendants admit that although they contend One Stop Mart is a proper party, they have taken no action to add One Stop Mart as a party. <u>See</u> EXHIBIT 8.

Based on the allegations of the complaints, and the terms of the policy, Great Lakes argues that no defense is owed to any of the Moe Defendants or to Moe's Food Mart. Because the Assault or

---

[1] <u>See</u> <u>Lowe</u> Complaint, docket entry 1-2 at page 2: "After arriving at the store, Kenneth Lowe, while on the premises was subsequently approached by a black male, who suddenly and without being provoked shot the Plaintiff;" <u>see</u> <u>also</u> <u>Lewis</u> Complaint, docket entry 1-2 at page 2: "After arriving at the store, Orie Lewis Jr., while on the premises was subsequently approached by a black male, who suddenly and without being provoked shot the Plaintiff.

Battery Exclusion encompasses the allegations of the Lowe and Lewis complaints, there is no coverage owed.[2]  As for the Carter complaint, there was no policy in place at the time of the shooting, so Great Lakes could never owe coverage for Carter.  But even if the Carter shooting took place during the Great Lakes policy's effective period, the Assault or Battery Exclusion would bar coverage for that lawsuit.

Insurance policies are contracts and must be enforced according to their provisions.  Noxubee County Sch. Dist. v. United Nat'l Ins. Co., 883 So.2d 1159, 1166 (Miss. 2004).  The interpretation of an insurance contract presents a question of law."  Coleman v. Acceptance Indem. Ins. Co., No. 5:08-cv-260(DCB)(JMR), 2009 U.S. Dist. LEXIS 54742, at *9 (S.D. Miss. June 26, 2009)(citiation omitted), aff'd, 369 F.App'x 595 (5th Cir. 2010).

An insurance policy's plain and unambiguous terms are applied as written.  Paul Revere Life Ins. Co. v. Prince, 375 So.2d 417, 418 (Miss. 1979).  Only when the underlying litigation includes

---

[2] In its original Motion for Summary Judgement, Great Lakes argued that no insured was a defendant.  In its Memorandum Brief in Support of its Amended Motion for Summary Judgment, Great Lakes withdraws, but does not concede, this argument.  In signed Interrogatory answers, One Stop Mart LLC's manager Wail Alabdy attested that "[t]he store was formerly named Moe's Food Mart, until sold in 2011 and incorporated as One Stop Mart, LLC.  All references involving the store were misnomers by the plaintiffs in the state court action, and should have been listed as 'One Stop Mart, LLC.'"  See EXHIBIT 8.

6

allegations that bring the claims within a policy's terms is there any requirement to defend an insured. <u>Sennett v. United States Fid. & Guar. Co.</u>, 757 So.2d 206, 212 (Miss. 2000). <u>See</u> also <u>Baker, Donelson, Bearman & Caldwell, P.C. v. Muirhead</u>, 920 So.2d 440, 451 (Miss. 2006)(noting that "no duty to defend arises when the claims fall outside the policy's coverage").

In this case, there is no duty to defend any of the Moe Defendants because the claims asserted by Lewis, Lowe and Carter fall outside the policy's coverage.

## Coverage is Excluded Under the Assault or Battery Exclusion

The Great Lakes policy provides liability insurance for bodily injuries caused by an occurrence "to which this insurance applies." <u>See</u> EXHIBIT 1 at GREATLAKES.051. There is "no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." <u>Id</u>.

One Stop Mart's policy includes an Assault or Battery Exclusion. <u>Id</u>. At GREATLAKES.078-079. It excludes insurance coverage for bodily injuries that arise out of assaults, batteries, or physical altercations. <u>Id</u>.

> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of an "assault," "battery," or "physical altercation":
>
> a. Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an

7

insured's employees, patrons, or other persons in, on, near, or away from an insured's premises; or

b. Whether or not caused by or arising out of any insured's failure to properly supervise or keep an insured's premises in a safe condition; or

c. Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the 'assault,' 'battery,' or 'physical altercation,' or providing or not providing or summoning or not summoning medical or other assistance in connection with the 'assault,' 'battery,' or 'physical altercation,' or providing or not providing or summoning or not summoning medical or other assistance in connection with the 'assault,' 'battery,' or 'physical altercation,' including but not limited to, negligent hiring, training, or supervision; or

d. Whether or not caused by or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

Id. at GREATLAKES.078. The Assault or Battery Exclusion adds three definitions to the policy, including:

'Battery' means the intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected.

Id. at GREATLAKES.079. When a lawsuit alleges bodily injuries that arise out of an assault, battery, or physical altercation, the Great Lakes policy "does not apply" and there is "no duty to defend the insured" nor any duty to indemnify. Id. at GREATLAKES.051.

According to the underlying complaints, Carter,[3] Lewis and

---

[3] There is no insurance coverage for the Carter lawsuit because there was no policy in place. But even if the Great

8

Lowe were shot and suffered bodily injuries. They allege the following:

> a. On September 13, 2016, Carter entered Moe's Food Mart. See EXHIBIT 7, ¶ 6.
>
> b. On February 11, 2017, Lewis and Lowe entered Moe's Food Mart. See EXHIBITS 3 and 4, ¶ 6.
>
> c. While at Moe's Food Mart, Carter, Lewis and Lowe were approached and, without provocation, suddenly shot. See EXHIBITS 3, 4 and 7, ¶ 7.
>
> d. As a result of the shootings, Carter, Lewis and Lowe were "severely injured." Id., ¶ 17.

These alleged shootings fall within the policy's definition of battery because they were "intentional or reckless physical contact with any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected." See EXHIBIT 1 at GREATLAKES.079.

The genesis of all three lawsuits is the shooting of Carter, Lewis and Lowe. None of the three would have suffered bodily injuries and none would have sued Moe's Food Mart and Alabdy if they had not been shot. Based on the clear language of the policy, all three lawsuits arise out of a battery and are therefore excluded by the Assault or Battery Exclusion.

Although the Mississippi Supreme Court has not yet interpreted the application of a similar assault or battery exclusion, this

---

Lakes policy were in place on September 13, 2016, the Assault or Battery Exclusion applies to the allegations.

Court and other federal courts applying Mississippi law have repeatedly interpreted similar assault or battery exclusions, finding them to be unambiguous and concluding there is no duty to defend. Coleman v. Acceptance Indem. Ins. Co., No. 5:08-cv-260(DCB)(JMR), 2009 U.S. Dist. LEXIS 54742, at *12-13 (S.D. Miss. June 26, 2009). See also Burlington Ins. Co. v. Am. Legion Post 230, No. 3:17-cv-234, 2018 U.S. Dist. LEXIS 158911, at *3-4 (S.D. Miss. Sep. 18, 2018); Archie v. Acceptance Indem. Ins. Co., 507 F.App'x 451 (5th Cir. 2013); Doe v. Sharma, No. 3:07-cv-234, 2018 U.S. Dist. LEXIS 28118 (S.D. Miss. Mar. 24. 2010); Cullop v. Sphere Drake Ins. Co., 129 F.Supp. 2d 981 (S.D. Miss. 2001); and Northfield Ins. Co. v. Adams, No. 98-60084, 1998 U.S. App. LEXIS 39646 (5th Cir. Sept. 8, 1998).

In 2009, this Court analyzed a similar set of facts, a similar lawsuit, and a similar assault or battery exclusion and found there was no coverage. Coleman, 2009 U.S. Dist. LEXIS 54742. The Colemans owned property in Yazoo City where a nightclub (the Chocolate City Lounge) was located. Id. at *2. While at the Lounge, Alicia Turner was shot and killed during an altercation in which she was not involved. Id. Turner's family sued the Colemans, who sought a defense and indemnification from Acceptance. Id. Acceptance denied the claim based on the policy's assault and battery exclusion, which is similar to the Assault or Battery Exclusion in the Great Lakes policy. Id. at *3.

The Colemans argued that the underlying complaint against them did not allege an assault or battery but alleged negligence, including a "failure to provide a reasonably safe environment for its patrons, failure to provide reasonable security, failure to warn of the danger of crimes on the premises ...." Id. at *7-9. Carter, Lewis and Lowe make these same claims against Moe's Food Mart and Alabdy, alleging that they were owed:

> (1) a "duty to provide reasonable security measures for [their] protection" and
>
> (2) a "duty to warn [them] ... of foreseeable harm."

See EXHIBITS 3, 4 and 7, ¶¶ 11-12.

After finding that the assault and battery exclusion was unambiguous, id. at *13, the Court held that the negligence-based claims "would not have been brought but for the altercation" and concluded that coverage was excluded. Id. at *16. As the Court explained, the question is whether "the action would not have been brought but for the altercation that occurred [resulting in the victim being shot]." If the answer is it would not have been, then "the injured parties' claims against the [insureds] are unambiguously excluded from coverage under the assault and battery exclusion contained in the insurance policy." Id. at *16. See also Archie, 507 F.App'x at 454. The same analysis applies here: neither Carter, Lewis, nor Lowe would have brought their actions but for being shot. Thus, the Assault or Battery Exclusion applies.

In Burlington Ins. Co. v. American Legion Post 230, 2018 U.S. Dist. LEXIS 158911, at *3-4, U.S. District Judge Carlton Reeves, relying on Coleman, explained that "[t]his type of 'assault and battery' exclusion has been interpreted to relieve the insurer of the obligation to defend a claim where the premises owner, through negligence, allegedly failed to provide adequate security and failed to use precautionary measures to prevent a shooting." Am. Legion Post 230, 2018 U.S. Dist. LEXIS 158911, at *3-4. See also Coleman v. Acceptance Indem. Ins. Co., 369 F.App'x 595, 597 (5th Cir 2010)(finding allegations of failure to provide adequate security fall within the assault and battery exclusion); Adams, 1998 U.S. App. LEXIS 39646 at *11-12 (holding claims of negligence asserted against the nightclub's owner excluded under similar policy language); and Cullop, 129 F.Supp. 2d at 983 (ruling that since the negligence claims against the nightclub's owner only existed because of the assault and battery, the exclusion applied).

Carter, Lewis and Lowe allege that they were shot while they were at Moe's Food Mart. They blame Moe's Food Mart and Moe Alabdy for their injuries based on their failure to prevent the shooting or warn against it. However, the policy's Assault or Battery Exclusion applies to <u>any</u> bodily injury that arises out of an assault, battery, or physical altercation, and specifically applies to bodily injuries that arise out of the insured's failure to keep the premises in a safe condition and any failure to prevent,

12

suppress, or warn of the dangerous condition.  The allegations of the underlying lawsuits fall within the Great Lakes policy's Assault or Battery Exclusion.

Applying the Coleman line of cases to the underlying complaints leads to one conclusion: there is no coverage for the three lawsuits because they arise out of an excluded battery. Since the specific insurance coverage does not apply in this case, Great Lakes has no duty to defend and never had a duty to defend. The Court therefore finds that Summary Judgment should be granted.

In addition, Carter was shot three months before the Great Lakes policy went into effect.  Great Lakes issued its commercial lines policy to One Stop Mart LLC, effective December 14, 2016, and expiring December 14, 2017.  See EXHIBIT 1 at GREATLAKES.001.  For the insurance to apply, there must be a "bodily injury" that "occurs during the policy period ...."  Id.  Carter alleges that the shooting that caused his injury took place on September 13, 2016.  See EXHIBIT 7, ¶ 6.  The Great Lakes policy took effect three months later.

The policy's language is clear: when Carter was shot, Great Lakes did not cover any of the Moe Defendants or Moe's Food Mart. Therefore, Great Lakes has no duty to defend or indemnify Moe's Food Mart or Alabdy, and summary judgment shall be granted in Great Lakes' favor.

Great Lakes only had a duty to defend a lawsuit to which the

13

insurance issued to One Step Mart applies.  The Carter lawsuit arises out of a shooting three months before the policy's effective date, so there is no coverage available for that lawsuit. Moreover, the Carter, Lewis and Lowe lawsuits all arise out of the plaintiffs in the underlying lawsuits being shot.  The allegations in all three cases fall squarely within the terms of the Assault or Battery Exclusion.  Because no coverage is available, there is no duty on the part of Great Lakes to defend or indemnify One Stop Mart LLC, Moe's Food Mart Store, Moe's Mini Mart, or Moe Alabdy. The Court finds that Summary Judgment should be granted to Great Lakes.

Finally, Great Lakes seeks costs and reasonable attorneys' fees.  See docket entry 52, page 11.  However, Great Lakes has not filed a motion.  If Great Lakes intends to pursue this matter it must file a motion with the Court.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff Great Lakes Insurance SE's Motion for Summary Judgment **(docket entry 21)** and Amended Motion for Summary Judgment **(docket entry 51)** are GRANTED;

FURTHER ORDERED that the plaintiff shall provide the Court and counsel opposite with a proposed Final Judgment.

SO ORDERED, this the 19th day of June, 2019.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE